UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHAIM KATZ,
individually and on behalf of a class,

            Plaintiffs,

    v.

545 GRAND FOOD CORP. and
INSTANT MONEY SERVICE, INC.

            Defendants.

------------------------------------------------------------x

: COMPLAINT  CLASS ACTION

**08 CIV. 7426**

**JUDGE KARAS**

## INTRODUCTION

1.        Plaintiff, Chaim Katz, brings this action against defendants 545 Grand

Food Corp., and Instant Money Service, Inc. for violation of the Electronic Funds Transfer Act.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction under 15 U.S.C. §1693m (Electronic Funds

Transfer Act), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.        Venue is proper in this district because defendants do business here and

all events at issue occurred here.

## PARTIES

4.        Plaintiff is a resident of New York.

5.        Defendant 545 Grand Food Corp. is a New York corporation which

operates a Fine Fair store at 545 Grand Street, New York, NY 10002.

6.    Defendant Instant Money Service, Inc., is a New York corporation. Its

office is located at 336 South Fulton Avenue, Mount Vernon, NY 10553.

## FACTS

7.    Defendants operate an automated teller machine (ATM) at 545

Grand Street, New York, NY 10002.

8.    Defendants 545 Grand Food Corp. and Instant Money Service, Inc. are

jointly involved in the operation of the ATM.

9.    On May 30, 2008, plaintiff used the ATM.

10.    Plaintiff does not have a bank account with either of the defendants.

11.    There was no notice at or near the ATM station that a fee would or may be

charged. A series of the photographs of the ATM are in **Exhibit A.**

12.    Defendant's machine charged plaintiff $1.50. A redacted copy of the

receipt issued to plaintiff is attached as **Exhibit B.**

## VIOLATIONS COMPLAINED OF

13.    The Electronic Funds Transfer Act, 15 U.S.C. §1693b(d) (EFTA),

and implementing Federal Reserve Regulation E, 12 C.F.R. § 205.15, require an ATM operator

such as defendant to provide notice to consumers that the operator will or may impose a fee on

consumers for conducting a transaction at an ATM. One notice must be posted on or near the

ATM. This notice is in addition to any that appear on the ATM screen.

14.     The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R.

§205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not

met.

## CLASS ALLEGATIONS

15.     Plaintiff brings suit on behalf of a class, pursuant to Fed.R.Civ.P. 23(a)

and (b)(3).

16.     The class consists of (a) all persons (b) who on or after a date one year

prior to the filing of this action, and on or before a date 20 days after filing of this action (c) were

charged a fee for use of defendants' ATM at 545 Grand Street, New York, NY 10002.

17.     The number of class members is so numerous that joinder is impracticable.

18.     On information and belief, there are more than 50 persons who on or after

a date one year prior to the filing of this action, and on or before a date 20 days after filing of this

action were charged a fee for use of defendants' ATM at 545 Grand Street, New York, NY 10002.

19.     There are questions of law and fact common to the class which

predominate over any questions affecting only individual class members.  The common questions

include:

a.               Whether defendants' ATM was posted with a notice.

b.               Whether defendants violated the EFTA.

20.     Plaintiff's claims are typical of the claims of the class members.  All are

based on the same facts and legal theories.

21.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in class action and consumer credit litigation.

22.    A class action is superior to other available methods for the full and

efficient adjudication of the controversy.  Individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and

against defendants for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Attorneys' fees, litigation expenses and costs of suit; and

    d.    Such other relief as this Court deems proper.

                                        Abraham Kleinman (AK-6300)

Abraham Kleinman
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Pro hac vice admission to be applied for.

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Abraham Kleinman (AK-6300)

**EXHIBIT A**











